# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:08cv53

| | |
|---|---|
| EVERLIGHT USA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| CAROTRANS INTERNATIONAL ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Judgment on the Pleadings, to Dismiss or for Transfer of Venue [Doc. 7, filed March 3, 2008], the Defendant's Motion for Partial Judgment [Doc. 9, filed March 24, 2008], and the Plaintiff's Motion to Voluntarily Dismiss Plaintiff's Complaint [Doc. 11, filed March 28, 2008].

## PROCEDURAL HISTORY AND ALLEGATIONS OF THE COMPLAINT

On January 11, 2008, the Plaintiff filed an Amended Complaint in Mecklenburg County Superior Court, [Doc. 1-2], wherein Plaintiff alleged

that it is a North Carolina corporation which entered into a contract with the Defendant, a Delaware corporation, for the transportation of textile dyes from Florida to Peru. [Id., at ¶¶1, 2, 4, 5]. Plaintiff characterizes the Defendant as "a non-vessel operating common carrier (NVOCC)" with whom it entered into a "contract of carriage consist[ing] of six (6) ocean Bills of Lading[.]" [Id., at ¶¶4, 6]. The Defendant then contracted with a container ship to transport the goods from Florida to Peru. [Id., at¶7]. The goods arrived in Peru on September 29, 2005 and were confiscated by Peruvian Customs along with the cargo of other shippers. [Id., at ¶8]. The Plaintiff alleged that the confiscation was the result of the Defendant's negligence in mistakenly identifying the shipping agent's name and the contents of the container. [Id., at¶9]. The Plaintiff also alleged that an appeals process was exhausted in Peru and the final decision affirming the confiscation was made on March 23, 2007. [Id., at ¶10]. The Plaintiff alleged two claims against the Defendant, negligence and conversion.

The Defendant removed the action to this Court on February 12, 2008 on the basis of federal question jurisdiction. [Doc. 1]. On February 18, 2008, the Defendant filed its Answer which included a counterclaim for freight charges which the Plaintiff allegedly never paid to the Defendant.

[Doc. 2]. The amount of such charges is not specified.

On March 3, 2008, the Defendant moved for judgment on the pleadings, and in the alternative, to dismiss, citing a variety of grounds. [Doc. 7]. As a second alternative, the Defendant moved for a transfer of venue to the Southern District of New York, citing a forum selection clause in the bills of lading at issue. [Id.]. That clause reads in pertinent part

> All disputes in any way relating to this Bill of Lading shall be determined by the United States District Court for the Southern District of New York to the exclusion of the jurisdiction of any other courts in the United States or the courts in any other country.

[Doc.7-2 at 8, Doc.7-3 at 3]. When the Plaintiff failed to respond to the motion, the Defendant moved a second time, pointing out the failure to respond. [Doc. 9]. In response to that motion, the Plaintiff filed a "Stipulation of Dismissal" which was not signed by the Defendant. [Doc.10]. Plaintiff's counsel was notified by chambers staff that the Stipulation of Dismissal was improper since the Defendant, which had filed an Answer and Counterclaim, had not signed the Stipulation of Dismissal. Apparently in response to that communication, the Plaintiff then moved to dismiss its own Complaint pursuant to Rule 41. [Doc. 11]. In that motion, the Plaintiff acknowledged that there is another lawsuit pending in New York which

3

would be dispositive of the case. [Id.]. The Defendant objected because it has a pending counterclaim. [Doc. 12]. As of the entry of this Order the Plaintiff has filed no response to the Defendant's motions.

**DISCUSSION**

In support of its Motion for Judgment on the Pleadings, To Dismiss, or for the Transfer of Venue, the Defendant raises the following grounds: (1) the Plaintiff has failed to allege any facts establishing personal jurisdiction over the Defendant, which has no North Carolina presence or contacts; (2) any claims which the Plaintiff might have are preempted by the Carriage of Goods by Sea Act (CGSA), 46 U.S.C. §30701, and as a result, the state law claims must be dismissed; (3) assuming that the Plaintiff had stated a claim under the CGSA, the statute of limitations ran before the action was brought; and (4) in the alternative, the case should be transferred to the Southern District of New York pursuant to a forum selection clause in the bills of lading. [Doc. 7-2]. In the second motion to dismiss filed by the Defendant, the same grounds are raised. [Doc. 9-2]. It appears that the only reason for the second motion was to bring to the Court's attention the fact that the Plaintiff had failed to respond to the first

4

motion.

As previously noted, not only has the Plaintiff failed to respond to the Motions to Dismiss, but it has moved to dismiss its own Complaint, stating that the pending action in New York should resolve this action. The Defendant objects to the dismissal of the action set out in the Complaint, asking for judgment on the pleadings and requesting that its counterclaim remain pending. The Court finds this position to be directly inconsistent with the Defendant's assertion that the forum selection clause requires any action regarding this dispute be brought in the United States District Court for the Southern District of New York.

Plaintiff seeks to dismiss its Complaint so that it may litigate its claims in New York. Defendant argues that the Southern District of New York is the only forum in which this action can properly be brought. Since it appears that all parties believe this case should be in New York, the Court will grant the Defendant's Motion for Transfer of Venue to the Southern District of New York. All other motions will be denied as moot.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for

Transfer of Venue [Doc. 7] is hereby **GRANTED**, and this matter is hereby transferred to the United States District Court for the Southern District of New York;

**IT IS FURTHER ORDERED** that the Defendant's Motion for Judgment on the Pleadings, and alternative Motion to Dismiss [Id.] and the Defendant's Motion for Partial Judgment [Doc. 9] are hereby **DENIED** as moot;

**IT IS FURTHER ORDERED** that the Plaintiff's Motion to Voluntarily Dismiss Plaintiff's Complaint [Doc. 11] is hereby **DENIED**; and

Signed: April 21, 2008

Martin Reidinger
United States District Judge